**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DUNIEK A. CHRISTIAN, | ) CASE NO: 4:11-cv-2421 |
| Plaintiff, | ) JUDGE ZOUHARY |
| v. | ) MAGISTRATE JUDGE VECCHIARELLI |
| RANDALL L. WELLINGTON, Warden, | ) |
| Respondent. | ) **REPORT AND RECOMMENDATION**<br>) Doc. Nos. 10, 11 |

This matter is before the magistrate judge pursuant to Local Rule 72.2. Duniek A. Christian ("Christian") petitions the court for a writ of habeas corpus to prevent his trial on charges of complicity in felonious assault on police officers, alleging that such a trial would violate the Double Jeopardy Clause of the Fifth Amendment. Christian mistakenly filed his petition on November 9, 2011 pursuant to 28 U.S.C. § 2254 ("§ 2254"). As described below, the petition should be considered as filed pursuant to 28 U.S.C. § 2241 ("§ 2241").

Respondent now moves to dismiss the petition in accordance with the abstention

doctrine described in *Younger v. Harris*, 401 U.S. 37 (1971) or, in the alternative, to dismiss for failure to exhaust state remedies. Doc. No. 10. Christian opposes this motion. Doc. No. 12. Also before the court is Christian's motion to grant relief on the ground that respondent has procedurally defaulted his opposition to the petition. Doc. No. 11. Respondent opposes this motion. Doc. No. 13. For the reasons given below, the court recommends that respondent's motion be denied, that petitioner's motion be denied, and that the parties be directed to brief the merits of Christian's claims, as described below.

I

The state appellate court hearing Christian's direct appeal found the following facts to be relevant to his case:

> {¶ 4} On July 1, 2005, a woman and her young granddaughter were robbed in a church on the east side of Youngstown. The perpetrator fled in the victim's two-door white and burgundy Cadillac. Due to statements the perpetrator made to the victim, the police deduced that they were looking for Jumal Edwards. At the same time, fugitive-task-force officers were looking for Christian, who had an active warrant.
>
> {¶ 5} Christian was spotted driving the stolen Cadillac with three other occupants. An officer activated his overhead lights, and the stolen vehicle started to pull over. Instead of coming to a stop, however, Christian sped away and hit an unmarked police car that was coming toward him. He kept driving, and a chase ensued. The back window of the stolen vehicle exploded when one of the passengers fired through it. Long-barreled assault rifles were fired at the pursuing police cars, which contained a total of seven officers. All three passengers were said to be firing weapons. When the stolen vehicle came to a stop, the occupants ran into the woods under cover fire.
>
> {¶ 6} The next day, Christian was arrested in the presence of Jumal Edwards and Craig Franklin, who were both identified by officers as shooters. Christian was indicted on nine counts of felonious assault on a peace officer in violation of R.C. 2903.11(A)(2) for knowingly causing or attempting to cause physical harm to the officers with a deadly weapon. The first seven counts corresponded to each officer who had been fired upon, and each of these counts was accompanied by

a firearm specification under R.C. 2941.146(A). Counts eight and nine dealt with the two officers who occupied the unmarked police car into which Christian crashed. Jumal Edwards and another person (who was later released) were indicted in the same indictment as Christian, and Craig Franklin was indicted separately.

{¶ 7} Christian's trial was conducted before a jury. The court instructed the jury on both felonious assault and complicity in committing felonious assault for the first seven counts. Regarding these counts, the jury was provided with four verdict forms per count: (A) felonious assault, (B) a firearm specification, (C) complicity to commit felonious assault, and (D) complicity to commit a firearm specification. Verdict form (A) instructed the jury to proceed to verdict form (C) if the verdict in form (A) was not guilty or if they were "unable to decide on a verdict."

{¶ 8} After four hours of deliberation, the jury advised the court that it was "split" and could not "be swayed." The court asked them to continue deliberating after a recess. After three more hours, the jury returned its verdict. As for the two counts involving felonious assault with a motor vehicle, the jury found appellant not guilty. Regarding the other seven counts, the jury found Christian not guilty in verdict form (A) and left verdict form (B), the accompanying firearm specification, blank as instructed. The jury then signed verdict form (C) dealing with complicity but wrote "unable to decide" in the blank left for "guilty" or "not guilty." The jury then left verdict form (D), the accompanying firearm specification, blank as instructed.

{¶ 9} In an August 7, 2008 judgment entry, the trial court declared a mistrial due to the hung jury on the complicity counts and scheduled a status hearing the next day. At that hearing, the court expressed that there would not be a retrial because there was nothing on paper reflecting any remaining charges. The state argued that complicity was inherent in the indictment. The state also cited a Tenth District case holding that a hung jury on lesser included offenses after acquittal on the indicted offenses does not require an amended or new indictment for retrial and that such a retrial does not violate double jeopardy. *State v. Green* (Sept. 17, 1992), 10th Dist. No. 92AP–447, 1992 WL 229510. The defense tried to distinguish a lesser included offense, as was the case in *Green*, from complicity, arguing that complicity gets its "birth" in the indictment and when the original charges are acquitted, complicity no longer exists. The court agreed that complicity is distinguishable from a lesser included offense and concluded that there was no proper charging document to allow retrial on complicity.

{¶ 10} In an August 8, 2008 judgment entry, the trial court noted that the hearing was called to clarify the court's opinion concerning the possibility of trial or retrial. The court then stated that Christian was discharged. The court explained that it

-3-

> was maintaining the mistrial on the complicity charges but concluded that because Christian was found not guilty on the charges in the original indictment, there existed no remaining charging document and thus no justification to hold him for trial on complicity.

*State v. Christian*, 184 Ohio App. 3d 1, 3-5, 919 N.E.2d 271, 273-74 (2009).

The state filed a timely appeal of the trial court's decision to release Christian without a retrial. The state argued on appeal that the trial court abused its discretion when it dismissed Christian's indictment after declaring a mistrial. Christian responded, *inter alia*, that there was no hung jury on the complicity verdict. According to Christian, the jury acquitted him of complicity because they unanimously agreed that they were "unable to decide" that the state proved complicity beyond a reasonable doubt.

The state appellate court reversed the decision of the trial court. First, the appellate court was unconvinced by Christian's argument that he had been acquitted:

> This is a misconstruction of the verdict form. The jury did not say that none of them were able to vote that the prosecution proved its case.
>
> {¶ 21} The verdict form gave the jury three choices: guilty, not guilty, or unable to decide on a verdict. Instead of entering the words "not guilty" before the words "of the crime of COMPLICITY TO COMMIT FELONIOUS ASSAULT," the jury entered "unable to decide" or "unable to decide on a verdict." This clearly represents a hung jury, and the trial court found as such.

*Christian*, 184 Ohio App. 3d at 6, 919 N.E.2d at 275. Second, the state appellate court found that an indictment for complicity survives when a defendant is found innocent of the indicted offense when the court has also given an instruction for complicity and the jury is hung on that offense:

> [O]nce an instruction is given, the lesser included offense is activated with the effect that upon a hung jury on such lesser included offense, it is as if the indictment has been amended to include this offense.
>
> {¶31} We recognize that complicity is not a lesser or inferior form of the indicted

-4-

offense. *However, it is necessarily included in an indictment just as a lesser included offense is included.* That is, lesser included or inferior-degree offenses need not be indicted in order to provide jury instructions thereon. Likewise, "[a] charge of complicity may be stated in terms of [the complicity statute] or in terms of the principal offense." From this, the Ohio Supreme Court has concluded:

{¶ 32} "Thus, a defendant charged with an offense may be convicted of that offense upon proof that he was complicit in its commission, even though the indictment is 'stated * * * in terms of the principal offense' and does not mention complicity. R.C. 2923.03(F) adequately notifies defendants that the jury may be instructed on complicity, even when the charge is drawn in terms of the principal offense." *State v. Herring* (2002), 94 Ohio St.3d 246, 251, 762 N.E.2d 940.

{¶ 33} Since complicity can be charged in terms of the principal offense and since the jury can find a defendant guilty on either theory if it was instructed as such, an acquittal as to being the principal offender but a hung jury on the complicity charge means that, if retrial is otherwise permissible, the state can proceed on the same indictment and reindictment is not necessary. Because the court instructed on complicity and because the jury hung on complicity, the indictment still exists and still states charges of complicity.

{¶ 34} In other words, since a jury can be instructed on the indicted offense and alternatively instructed in terms of complicity notwithstanding the fact that the indictment reads in terms of only the principal offense, the complicity allegation inherent in the indictment and activated into a charge by the jury instructions would still exist under the original indictment when there is a hung jury on the complicity verdict. To hold otherwise is contradictory to the R.C. 2923.03(F) principle that complicity can be charged in terms of the principal offense.

*Christian*, 184 Ohio App. 3d at 9-10, 919 N.E.2d at 277-78 (citations and footnote omitted).

Christian timely filed a notice of appeal in the Ohio Supreme Court.[1] On March 3, 2010, the Ohio Supreme Court denied Christian leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

---

[1] The record does not contain Christian's Memorandum in Support of Jurisdiction to the Ohio Supreme Court. Thus, this court does not know which propositions of law Christian raised in the Ohio Supreme Court. Respondent should include this document with his Return of Writ.

Upon remand from the state appellate court, the trial court reinstated Christian's indictment. That case is currently pending in the Mahoning County Court of Common Pleas and is scheduled for trial on May 21, 2012. On February 7, 2011, the court set bond at $200,000. Christian has not posted this bond. On May 11, 2011, Christian moved to dismiss his case on the ground of issue preclusion. On August 3, 2011, Christian moved again to dismiss on the ground that ignoring issue preclusion would result in subjecting him to double jeopardy. The trial court denied both motions to dismiss on August 9, 2011.

On January 3, 2011, the Mahoning County grand jury indicted Christian on a charge of failure to comply with the order or signal of a police officer ("the second case"). This indictment is entirely separate from the indictment set for trial in May from which Christian seeks habeas relief. In the second case, the court awarded bond in the amount of $50,000. Christian has not posted this bond.

On November 9, 2011, Christian filed in this court a petition for a write of habeas corpus pursuant to § 2254. Christian ostensibly asserts thirty-nine grounds for relief in his petition, but the gravamen of his grounds for relief is that trying him for complicity in felonious assault would violate his Fifth Amendment right to be free of double jeopardy. Respondent moves to dismiss Christian's petition, and Christian opposes this motion. Christian moves to grant him habeas relief on the ground that respondent has procedurally defaulted his opposition, and respondent opposes this motion.

II

*A. Jurisdiction*

The Court of Common Pleas of Mahoning County, Ohio sentenced Christian.

Christian filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d). Mahoning County is within this court's geographic jurisdiction. This court has jurisdiction over McNeal' petition.

*B. Exhaustion*

Respondent argues that the court should dismiss Christian's petition either pursuant to *Younger* abstention or because Christian has failed to exhaust his state grounds for relief. Respondent's arguments are not well-taken.

Before discussing the shortcomings in respondent's argument, the court must first address respondent's contentions regarding custody. Respondent contends that Christian is in custody pursuant to the second case, entirely unrelated to the present case. In the second case, the court imposed a $50,000 bond which Christian failed to post. Clearly, then, Christian is in custody pursuant to a failure to post bond in the second case. In the present case, however, the court imposed a $200,000 bond, and Christian failed to post that bond, too. Thus, Christian is in custody pursuant to his failure to post bond in the present case as well. A habeas petitioner may, indeed, be in custody pursuant to more than one court's judgment or ruling, and the petitioner may challenge the judgment or ruling of *either* court by means of a petition for federal

habeas relief. *See Garlotte v. Fordice*, 515 U.S. 39 (1995) (finding that a petitioner serving consecutive state sentences is "in custody" pursuant to both sentences and may attack the sentence scheduled to run first, even after it has expired, until all sentences have been served); *Peyton v. Rowe*, 391 U.S. 54 (1968) (finding that a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of federal habeas corpus statute); and *Ward v. Knoblock*, 738 F.2d 134 (6th Cir. 1984) (finding that a petitioner still in state custody of state on a state conviction and who sought to vacate a subsequent federal sentence to be served in the future satisfied the "in custody" requirement for unlawful federal custody). To find otherwise would permit respondent to block habeas relief in *both* cases by arguing that he was not solely in custody pursuant to *either* case. Consequently, Christian may file a petition for habeas relief in the present case even though he is simultaneously in custody pursuant to the present case and pursuant to the second case.

Having disposed of the question of custody, the court turns to the related questions of (1) which habeas statute applies to petitioner's case and (2) whether petitioner has exhausted his state remedies. In the recent Sixth Circuit case of *Phillips v. Court of Common Pleas, Hamilton County, Ohio*, ___ F.3d ___, 2012 WL 413837 (6th Cir. 2012), the Sixth Circuit found that a petition seeking habeas relief for a petitioner in Christian's situation, that is, in custody pending trial, should seek relief pursuant to § 2241:

> Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. § 2241, which extends the writ to, among others, persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). One section of the habeas statute—section 2254—concerns habeas relief available to a subset of petitioners: those "in custody *pursuant to the*

> *judgment of a State court....*" *Id.* § 2254(a) (emphasis added). Although [petitioner] remains "in custody," his custody is not "pursuant to the judgment of a State court." Rather, he is in custody *pursuant to an indictment.* Section 2254, therefore, by its own terms, does not apply to [petitioner's] petition, and it would be error to apply § 2254 here. We have long recognized that pretrial detainees pursue habeas relief instead under § 2241. *See Girts v. Yanai,* 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan,* 644 F.2d 543, 546 n. 1 (6th Cir. 1981).

*Phillips*, 2012 WL 413837 at *4 (footnote omitted). For this reason, the court should construe Christian's petition as requesting relief pursuant to § 2241.

Once Christian's petition is construed as filed pursuant to § 2241, it becomes apparent that Christian has exhausted his state remedies. Again, *Phillips* make this clear:

> Habeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort. *Klein v. Leis,* 548 F.3d 425, 429 n. 2 (6th Cir. 2008). But in Ohio, a trial court's denial of a defendant's motion to dismiss on double jeopardy grounds is not an order subject to judicial review before a retrial. *Wenzel v. Enright,* 68 Ohio St. 3d 63, 623 N.E.2d 69, 72 (Ohio 1993). Therefore, Phillips was unable to seek direct review of the trial court's decision. But because the Double Jeopardy Clause prevents being twice placed in jeopardy for the same offense—that is, simply *being tried* twice for the same offense—to "enjoy the full protection of the Clause, [a defendant's] double jeopardy challenge ... must be reviewable before [the] subsequent exposure occurs." *Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Accordingly, we have held that "the federal adjudication of double jeopardy claims raised on pre-trial petitions for habeas corpus is appropriate when those claims have been raised and rejected in the state trial court and under state law there is no right to interlocutory appeal." *Harpster,* 128 F.3d at 325. Because Phillips moved to dismiss the indictment in state court, consideration of his claim is appropriate.

*Phillips*, 2012 WL 413837 at *5 (footnote omitted). Similarly, because Christian moved in the trial court to dismiss his case on the ground that it would subject him to double jeopardy and that motion was denied, Christian has exhausted his state remedies.

Nor would *Younger* abstention be appropriate in the present case. The doctrine

-9-

of *Younger* abstention requires a federal court to abstain from interfering with pending state civil or criminal proceedings involving important state interests absent extraordinary circumstances. *Younger,* 401 U.S. at 44. *Younger* abstention is generally appropriate when three requirements are met: (1) there is an on-going state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). Nevertheless, "when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger,* 401 U.S. at 45 (quoting *Fenner v. Boykin*, 271 U.S. 240, 242-43 (1926)).

In the present case, Christian's impending trial is an ongoing state proceeding that implicates Ohio's important interest in adjudicating alleged criminal conduct. But there is no longer an adequate opportunity for Christian to raise his constitutional challenge, as the state trial court has denied Christian's motion to dismiss. Moreover, if Christian's double jeopardy claim is meritorious, the danger of irreparable loss would be immediate and great. As the Sixth Circuit indicated in *Phillips*, the right protected by the Double Jeopardy Clause is the right *not to be twice placed in jeopardy* for the same offense. It is not merely a conviction that would violate Christian's rights if his claim is meritorious: Merely trying him would violate the protections of the Double Jeopardy Clause. Thus, because there is no longer an adequate opportunity in the state proceeding to raise constitutional challenges and because there is a danger of great

-10-

and immediate irreparable loss, *Younger* abstention is not appropriate in the present case.

In sum, Christian's petition should not be dismissed for failure to exhaust state remedies, nor should the court abstain from determining the merits of Christian's case pursuant to *Younger* abstention.  In addition, as discussed earlier, Christian is not barred from filing a petition for habeas relief in the present case because he is not in custody pursuant to that case.  For these reasons, respondent's motion to dismiss Christian's petition should be denied.

III

Christian moves to grant him habeas relief on the ground that respondent has defaulted his case by failing to file his response within 60 days of the court's "show cause" order.  On February 3, 2012, however, the court granted respondent an extension of time until February 6, 2012 to file his response.  Doc. No. 9.  Respondent timely filed his response on that date.  Consequently, respondent did not procedurally default his case.  Christian's motion should, therefore, be denied.

IV

For these reasons, the parties must address the merits of Christian's petition.  In so doing, the parties are directed to consider the Sixth's Circuit's recent discussion in *Phillips* of the appropriate standard of review in petitions brought pursuant to § 2241:

> Our review of state court decisions differs significantly depending on which section of the habeas statute applies.  For habeas petitions filed under § 2254, we may not grant relief on the basis of an incorrect factual determination by a state court unless the determination was "unreasonable . . . in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  And where habeas relief under § 2254 is predicated on a state court's alleged misapplication of the law to the facts, federal relief is prohibited unless the

-11-

> application of Supreme Court precedent was "unreasonable." *Id.* § 2254(d)(1). Congress imposed these standards when it passed the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and they are intended to be difficult to meet. *Harrington v. Richter,* ––U.S. ––––, ––––, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).
>
> The standards that apply to § 2241 petitions, by contrast, are significantly less demanding. The First, Fifth, Ninth, and Tenth Circuits have concluded that the deference that § 2254(d) requires never applies to habeas petitions brought by pretrial detainees under § 2241, and no circuit to our knowledge has held otherwise. *See Martinez v. Caldwell,* 644 F.3d 238, 242 (5th Cir.2011); *Walck v. Edmondson,* 472 F.3d 1227, 1234–35 (10th Cir.2007); *Stow v. Murashige,* 389 F.3d 880, 885–86 (9th Cir.2004); *Gonzalez v. Justices of Mun. Ct. of Boston,* 382 F.3d 1, 6–7 (1st Cir.2004), *judgment vacated on other grounds,* 544 U.S. 918, 125 S.Ct. 1640, 161 L.Ed.2d 474 (2005). As the Fifth Circuit recently stated in *Martinez,* "[t]he deferential standard afforded to state court decisions, which is specifically articulated in § 2254, is not included in the text of § 2241." 644 F.3d at 242. Furthermore, AEDPA significantly amended § 2254(d) but left untouched § 2241, and courts operate on the assumption that " 'Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.'" *Id.* (quoting *City of Chicago v. Env't Def. Fund,* 511 U.S. 328, 338, 114 S.Ct. 1588, 128 L.Ed.2d 302 (1994)). We agree with our sister circuits and hold that habeas petitions governed by § 2241 are not subject to the heightened standards contained in § 2254(d).

*Phillips*, 2012 WL 413837 at \*4 (footnote omitted). The parties' arguments should comport with the standard adopted in *Phillips*.

V

For the reasons given above, the parties should brief the merits of Christian's claims. As the issue of double jeopardy has already been raised in state court and as the time is short before the court must determine whether it should enjoin Christian's impending trial, the parties should brief the relevant issues quickly. In the event this Report and Recommendation is adopted, respondent shall submit his merit brief within 14 days of a decision by Judge Zouhary and Christian shall submit his merit brief within 14 days thereafter.

-12-

Date:  March 16, 2012                                     s/ *Nancy A. Vecchiarelli*
                                                          United States Magistrate Judge

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.** See United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  See also Thomas v. Arn, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.