IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Duniek A. Christian, | Case No. 4:11 CV 2421 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Randell Wellington, Warden, et al., | |
| Respondents. | |

## INTRODUCTION

Before this Court is Petitioner Duniek Christian's Writ of Habeas Corpus (Doc. 1). Petitioner, currently in state custody for charges of complicity in the felonious assault of police officers, challenges the charges under the Double Jeopardy Clause of the Fifth Amendment. Respondents sought to dismiss the Petition, arguing that the abstention doctrine applies or, in the alternative, that Petitioner failed to exhaust state remedies (Doc. 10). Petitioner subsequently argued Respondents' opposition was untimely (Doc. 12), followed by more briefing (Docs. 13–14).

This matter was referred to the Magistrate Judge who recommended this Court deny all motions (Doc 22), and that the parties submit merit briefs on whether the Double Jeopardy Clause barred Petitioner's trial on complicity in felonious assault. No objections were filed and this Court adopted the Magistrate's ruling, including the recommended briefing schedule (Doc. 23). Petitioner and Respondents filed timely merit briefs (Docs. 24–26).

## BACKGROUND

The facts underlying Petitioner's arrest are set forth in the Magistrate's Report (Doc. 22 at 2–6) and this Court adopts them in their entirety. Briefly, Petitioner was indicted on nine counts of felonious assault on a peace officer in violation of Ohio Revised Code § 2903.11(A)(2) following a

police chase where Petitioner was driving a car with three passengers who fired on several pursuing police cars.  *State v. Christian*, 184  Ohio App. 3d 1, 3–5 (Ohio Ct. App. 2009).  At trial, the court instructed the jury on felonious assault and complicity to felonious assault (Doc. 10-7 at 151–66). The court stated that "felonious assault" means Petitioner "knowingly caused or attempted to cause physical harm" to police officers in the performance of official duties, and that "complicity" means Petitioner "aided or abetted another in causing or attempting to cause" the felonious assault.

> The trial court further defined terms for the jury (Doc. 10-7 at 166–67) (emphasis added):
>
> **Aided and abetted** means supported, assisted, encouraged, cooperated with, advised, or incited.
>
> When two or more people engage in a course of conduct and one does one part and the other another, each is responsible for the acts of the other as though he or she had personally performed each of the acts.
>
> To support a conviction for complicity by aiding and abetting, the evidence must show that the defendant shared the criminal intent of the principal.
>
> Participation in criminal intent may be inferred from presence, companionship, and conduct before and after the offense is committed.
>
> **Knowingly**.  A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature.  A person has knowledge of circumstances when he is aware that such circumstances probably exist.  Since you cannot look into the mind of another, knowledge is determined from all the facts and circumstances in evidence.  You will determine from these facts and circumstances whether there existed at the time of the offense in the mind of the defendant an awareness of the probability that the defendant would cause or attempt to cause physical harm to another person on July 1st, 2005.
>
> **Cause**.  The state charges that the act or failure to act by the defendant caused or attempted to cause physical harm to a peace officer.  Cause is an essential element of the offense.  Cause is an act or failure to act which, in a natural and continuous sequence, directly produces the physical harm to a person and without which it would not have occurred.

The court provided the jury separate verdict forms for felonious assault and complicity (Doc. 10-1 at 84–113). The jury returned a verdict of "Not Guilty" for the felonious assault charge and wrote "Unable to Decide" on the complicity charge. After an appeal to the state appellate court, the case was set for a new trial on the complicity charge. *Christian*, 184 Ohio App. 3d at 3.

Petitioner moved to dismiss the complicity charge on the grounds of issue preclusion and double jeopardy (Doc. 10-1 at 1–2), which the trial court denied (Doc. 10-1 at 1). Petitioner then filed his Writ, alleging thirty-nine errors but, as the Report correctly notes, "the gravamen of his grounds for relief is that trying him for complicity in felonious assault" violates the Double Jeopardy Clause (Doc. 22 at 6).

**STANDARD OF REVIEW**

Petitioner filed his Writ pursuant to 28 U.S.C.§ 2254; however, his Writ should have been filed pursuant to Section 2241 as he is seeking habeas relief from pretrial custody. *Phillips v. Court of Common Pleas, Hamilton County*, 668 F.3d 804 (6th Cir. 2012). "The standards that apply to § 2241 petitions [] are significantly less demanding" than petitions filed under Section 2254. *Id.* at 809. Writs of habeas corpus under Section 2241 "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Still, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

3

**ANALYSIS**

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The "Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson v. United States*, 468 U.S. 317, 325 (1984). Respondents argue that because the jury was hung as to complicity, and a mistrial was declared, retrial for complicity does not violate double jeopardy (Doc. 24 at 4). However, *Richardson* does not preclude application of the "same offense" doctrine established in *Blockburger v. United States*, 284 U.S. 299 (1932), and collateral estoppel as stated in *Ashe v. Swenson*, 397 U.S. 436 (1970). This Court applies these doctrines when, as is the case here, a defendant is acquitted on one count, the jury is hung on a different count, and defendant is retried on that different count. *United States v. Benton*, 852 F.2d 1456, 1462 (6th Cir. 1988).

### "Same Offense" Doctrine

Petitioner briefly contends his charges for felonious assault and complicity are the "same offense" for double jeopardy purposes (Doc. 26 at 3). Felonious assault and complicity, however, are not the "same offense." In Ohio, felonious assault under R.C. § 2903.11(A)(2) requires:

(1) knowingly causing, or attempting to cause;

(2) serious physical harm to another;

(3) by means of a deadly weapon or dangerous ordnance.

Complicity in felonious assault, as defined in R.C. § 2923.03, requires:

(1) knowingly;

(2) soliciting, aiding or abetting, conspiring, or causing another to commit a felonious assault.

4

Because each of these provisions requires "proof of an additional fact which the other does not, an acquittal or conviction under either statute does not" implicate double jeopardy under the "same offense" doctrine. *See Blockburger*, 284 U.S. at 304.

**Collateral Estoppel**

Petitioner also claims that retrial for complicity is barred because the acquittal for felonious assault "conclusively established that the evidence was not sufficient to prove the element of knowledge" (Doc. 25 at 19); and because knowledge is also required to prove complicity, retrial would violate the Double Jeopardy Clause.

To determine whether estoppel bars a retrial, this Court must determine whether "an issue of ultimate fact has once been determined by a valid and final judgment . . . ." *Ashe*, 397 U.S. at 443. Whether an ultimate fact has been decided "requires a court to examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Id.* at 444 (quotations omitted).

At trial, the State's evidence -- elicited from the testimony of the police officers involved in the pursuit -- showed Petitioner was the driver of the car that opened fire (*see, e.g.*, Doc. 10-4 at 44–52 & 71; 10-5 at 32); and the shots were fired by passengers, not Petitioner (Doc. 10-5 at 20–21 & 84–85). At no time during the police chase did Petitioner attempt to slow down or stop the car (Doc. 10-5 at 35–36 & 89–90).

Following the close of the State's case, Petitioner made a Rule 29 motion on the complicity charge claiming there was "a complete lack of evidence that [Petitioner] did anything to further a felonious assault." (Doc. 10-6 at 163–64). The State argued its evidence showed that Petitioner aided

5

and abetted the felonious assault by driving (Doc. 10-6 at 167). The trial court denied the motion (Doc. 10-6 at 168–69).

Petitioner elicited the testimony of Jumal Edwards, one of the passengers in the car, who claimed he forced Petitioner to drive and threatened to shoot him (Doc. 10-6 at 195–97). On the last day of trial, Petitioner took the stand and affirmed that testimony, claiming he fled from police because he feared for his life (Doc. 10-7 at 19–24).

The trial court submitted the case to the jury and, in its instructions, noted the significant differences between felonious assault and complicity. The instructions clearly delineated the different acts each crime required, as well as the requisite knowledge and intent. Given the evidence and instructions, the "Not Guilty" and "Unable to Decide" verdicts do not automatically mean, as Petitioner contends, that the requisite mental state was lacking. This jury could have acquitted Petitioner of felonious assault because he did not knowingly shoot at pursuing police, while at the same time being unable to decide whether Petitioner knowingly aided and abetted by driving the actual shooters. *See Benton*, 852 F.2d at 1466 (holding acquittal of defendant for one conspiracy did not foreclose a guilty verdict for a different conspiracy); *United States v. Merlino*, 310 F.3d 137, 141–42 (3d Cir. 2002) (holding acquittal of defendant for murder did not foreclose subsequent trial for commission of violent crime in aid of racketeering).

In this case, it is Petitioner's burden to "prove by convincing and competent evidence that the fact sought to be foreclosed was necessarily determined by the jury against the government in the prior trial." *United States v. Benton*, 852 F.2d 1456, 1466 (6th Cir. 1988) (citing *United States v. Gentile*, 816 F.2d 1157, 1162 (7th Cir. 1987)). Petitioner has not done so.

6

**CONCLUSION**

Accordingly, this Court finds Petitioner's acquittal on felonious assault did not determine an issue of ultimate fact necessary for complicity, and his retrial on that charge does not violate the Double Jeopardy Clause. Petitioner's Writ is denied.

IT IS SO ORDERED.

                                                           s/ *Jack Zouhary*
                                                       JACK ZOUHARY
                                                       U. S. DISTRICT JUDGE

May 11, 2012